**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BUSHRA NADHEM NAMOO, | No. 05-76426 |
| Petitioner, | Agency No. A096-073-065 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Bushra Nadhem Namoo, a native and citizen of Iraq, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying her application for asylum and withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005), and we grant the petition for review, and remand.

The IJ found that the physical violence and harassment committed by Iraqi government agents against Namoo, a Chaldean Christian, did not rise to the level of persecution, and was not on account of a protected ground. These findings are not supported by substantial evidence. *See id*. at 1085-87; *see also Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004) (noting that violence against family members may support an applicant's asylum claim).

Accordingly, because a showing of past persecution entitles a petitioner to a presumption of both a well-founded fear and clear probability of future persecution, *see* 8 C.F.R. §§ 1208.13(b)(1) & 1208.16(b)(1)(i), and because the agency did not analyze Namoo's claim of future fear under this presumption, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). Upon remand, the agency may wish to consider whether Namoo's fear of future persecution is objectively reasonable in light of the current situation in Iraq. *See Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007).

**PETITION FOR REVIEW GRANTED; REMANDED.**